E-filing

FILED

JUN 1 8 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

1. RUFUS IDOWU
2. 2912 14th Avenue #102
   Oakland, CA 94606
3. 
4. Plaintiff, in pro per

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF CALIFORNIA

RUFUS IDOWU,

    Plaintiff

v.

WESLEY ASTHEIMER
ASSERY RECOVERY
7525 Penn Avenue
Pittsburgh, PA., 15208

801 South Fairway Road
Glendale, PA., 19038

and

YRC Inc.;
1708 Wood Street
Oakland, CA., 94607

P.O. Box 471
Akron, OH., 44309
    Defendants

Case No.: C10-02672 LB

Date Filed

VERIFIED COMPLAINT FOR:

18 U.S.C. § 1343 (Wire fraud)

18 U.S.C. § 1341 (Mail fraud)

Jury Trial Demanded

---

Upon information and belief, and in good faith, Plaintiff, Rufus Idowu, (referred to herein as "Plaintiff") alleges as follows:

GENERAL ALLEGATIONS

1. Plaintiff is a Citizen of United States of America with residence in City of Oakland, Alameda County, California.

VERIFIED COMPLAINT      1

2. Defendant Wesley Astheimer owned and operates Asset Recovery, with its corporate headquarters in Glendale, Pennsylvania and Pittsburgh, Pennsylvania. The corporation is in the business of selling recycled and off leased computers, Laptops, and related merchandise by advertising over the World Wide Web and the internet website of Asset--Recovery.com.

3. Defendant YRC Inc. is a California corporation and is the largest subsidiary of YRC Worldwide Incorporated with corporate headquarters in Overland Park, Kansas and Akron Ohio. YRC is the leading transporter of industrial, commercial, and retail goods, specializing in solutions for business across North America through a full service network, advance information technologies and proactive customer service.

4. Plaintiff is informed and believes that the defendants have close business relationship and herein alleges that the defendants knowingly and willfully devise a scheme to defraud him.

## THE SCHEME TO DEFRAUD

5. Defendants devised and intended to devise a scheme to defraud the Plaintiff and to obtain money and property by means of false and fraudulent pretenses, misrepresentations, and promises.

## MANNER AND MEANS OF EXECUTING THE SCHEME

6. Defendants, through fraud and misrepresentations caused losses to the Plaintiff. To obtain money, defendants made and caused to be made false representations to Plaintiff regarding defendants merchandise, services, and shipping cost.

Defendants represented, and caused to be represented, the following:

(a). That the Plaintiff would receive 100 off-lease Laptops in good working conditions, when as defendant Wesley Astheimer-Asset Recovery well knew, that he will ship 20 broken/empty casing/junk desktop computers to the Plaintiff and that he would not receive any Laptop.

(b). That the Plaintiff would receive the 100 Laptops, when as defendant Wesley Astheimer-Asset Recovery well knew, that the Plaintiff would not receive all or even any of the Laptops for which he had paid, or would receive merchandise different than what actually had been ordered.

(c). That the Plaintiff should pay the shipping cost upfront to be included in the invoice when as defendant Wesley Astheimer-Asset Recovery and YRC Inc. well knew, that the Plaintiff would be bill again for shipping at a higher price by inflating the merchandise weights.

(d). That Plaintiff could return Laptops which did not function properly for repair or replacement, when as defendant Wesley Astheimer-Asset Recovery well knew, that the Plaintiff would not receive all or even any of the Laptops for which he had paid, or would receive merchandise different than what actually had been ordered.

7. Defendants, for the purpose of executing the scheme described above, and aiding and abetting its execution, knowingly transmitted or caused to be transmitted by means of wire communication in interstate commerce, certain writings, signals, and sounds as described below:

8. On or about April 16, 2010, Plaintiff responded to Wesley Astheimer-Asset Recovery advertisement on Alibaba.com and Asset--Recovery.com. After a telephone conversation, Plaintiff emailed Wesley Astheimer- Asset Recovery to request an invoice for 100 units of off-lease Pentium 4 Laptops. Wesley Astheimer-Asset Recovery responded and emailed an invoice for 100 units of off lease Pentium 4 Laptops at the rate of $60 per unit to the Plaintiff. The Company quoted $425.00 for shipping and the transaction totaled $6,425.00.

9. On or about April 16, 2010, Plaintiff processed a wire transfer through Chase Bank at 270 E18th Street, Oakland, California 94606 (confirmation no. 71372174660-001) to make payment for the Laptops. The wire was made to North West Savings Bank at 434 State Street, Curwensville, PA. 16834 – Asset Recovery Account no. 2206037513. Wesley Astheimer-Asset Recovery acknowledged the receipt of the $6,425.00.

10. On or about April 28, 2010, Wesley Astheimer-Asset Recovery shipped <u>ONE PALLET THAT CONTAINED ONLY 20 BROKEN/EMPTY CASING/JUNK DESKTOP COMPUTERS.</u> Plaintiff refused the shipment and stated that he ordered 100 off-lease Laptops.

11. On or about April 28, 2010 Plaintiff called Wesley Astheimer-Asset Recovery to notify the company. He was threatened and told never to call back.

12. On or about May 3, 2010 Plaintiff visited YRC Inc. office in Oakland to take pictures of the Pallet, Fritzie T.Escalona, an employee of YRC Inc. disclosed to the Plaintiff that the Pallet actually weighs about 350 Pounds.

13. Defendant, YRC Inc., did willfully, that is, with the intent to further the objective of the conspiracy, and knowingly combine, conspire, confederate and agree with Wesley Astheimer-Asset Recovery to inflate the weight of the consignment. Plaintiff had paid the shipping cost when the 100 units of the Laptop were ordered but the shipment was made with instruction that the consignee should pay the freight. YRC Inc. claimed on their waybill / bill of lading that the 20 broken/empty casing/junk desktop computers weigh 1000 pounds and invoiced Plaintiff in the amount of $1,161.33. YRC Inc. mailed the invoice to the Plaintiff and continues to pressure him to pay the inflated invoice.

### FIRST CAUSE OF ACTION
(Wire Fraud-Against all Defendants)

14. Defendants, aided, abetted, and counseled by each other; did unlawfully, knowingly, and intentionally execute and attempt to execute a scheme and artifice (a) to defraud; (b) to obtain money and property by materially false pretenses, representations, and promises.

VERIFIED COMPLAINT                                3

15. Defendants, for the for the purpose of executing the scheme described above, and aiding and abetting its execution, knowingly transmitted or caused to be transmitted by means of wire communication in interstate commerce, certain writings, signals, and sounds in violation of Title 18, United States Code, Sections 1343 and 2.

## SECOND CAUSE OF ACTION
(Mail Fraud-Against YRC Inc.)

16. On or about April 28, 2010, YRC Inc., for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property from the Plaintiff by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly cause to be delivered by United States Mail, according to the directions thereon, the item identified below:

(a). YRC Inc. Invoice #232-878504 mailed from Akron, Ohio on 4/28/10.

In violation of Title 18, United States Code, Sections 1341 and 2.

17. WHEREFORE, Plaintiff prays judgment against Defendants as follows:
For compensatory damages according to proof at trial, but in no event less than $250,000.00;
(a). Consequential and incidental damages;
(b). Exemplary and punitive damages;
(c). Attorneys' fees and costs; and
(d). Such other and further relief that the Court may deem just and proper.

Dated: 6/18/10

Respectfully Submitted,

By: _____
Rufus Idowu

VERIFIED COMPLAINT                    4