UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUFUS IDOWU,<br><br>    Plaintiff,<br><br>    vs.<br><br>WESLEY ASTHEIMER, et al.,<br><br>    Defendants. | Case No: C 10-02672 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 10 |

Plaintiff Rufus Idowu filed the instant pro se action against Defendants Wesley, Astheimer, Asset Recovery and YRC Inc. ("YRC"), alleging claims for wire fraud, 18 U.S.C. § 1343, and mail fraud, 18 U.S.C. § 1341. The parties are presently before the Court on Defendant YRC's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6), or, alternatively, for a more definite statement, pursuant to Rule 12(e). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant YRC's motion to dismiss. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

I. **BACKGROUND**

Defendant Wesley Astheimer owns Asset Recovery, which sells recycled and off-lease computers and computer-related merchandise, which he advertises on the internet. Id. ¶ 2. On April 16, 2010, after viewing an internet advertisement, Plaintiff contacted Asset Recovery "to request an invoice for 100 units of off-lease Pentium 4 Laptops." Id. ¶ 8. In

response, Asset Recovery emailed Plaintiff "an invoice for 100 units of off-lease Pentium 4 laptops at the rate of $60 per unit…." Id.  Additionally, Asset Recovery quoted him a price of $425.00 for shipping, bringing the total transaction cost to $6,425.00.  Id.  On the same day, Plaintiff wired the sum of $6,425.00 from his bank account in Oakland, California, to Asset Recovery's bank account at North West Savings Bank, in Curwensville, Pennsylvania.  Id. ¶ 9.

On April 28, 2010, Asset Recovery shipped one pallet containing twenty "broken/empty casing/junk desktop computers."  Id. ¶ 10.  Plaintiff refused the shipment.  Id.  He called Asset Recovery, but was "threatened and told never to call back."  Id.  Plaintiff also alleges that YRC, the shipping company, inflated the weight of the shipment.  Id. ¶ 13.  The YRC bill of lading received by Plaintiff stated that the shipment weighed 1,000 pounds, and based on that weight, charged him $1,161.33 for shipping.  Id.  However, when Plaintiff went to YRC's office in Oakland on May 3, 2010, a YRC employee disclosed that his shipment weighed only 350 pounds.  Id. ¶ 12.

On June 18, 2010, Plaintiff filed the instant action in this Court against Wesley, Astheimer, Asset Recovery and YRC.  In his Amended Complaint filed on June 22, 2010, he alleges two claims for relief:  (1) Wire Fraud, 18 U.S.C. § 1343, against all Defendants; and (2) Mail Fraud, 18 U.S.C. § 1341, against YRC only.  On August 9, 2010, YRC filed the instant motion to dismiss.  Plaintiff filed an untimely opposition on October 25, 2010.  Dkt. 21.[1]  The matter was reassigned to this Court on October 25, 2010 (from Magistrate

---

[1] On January 7, 2011, Plaintiff filed another brief styled as "Memorandum of Points and Authorities in Opposition to YRC's Inc. [sic] Reply to Motion to Dismiss."  Dkt. 28.  Plaintiff filed this document in violation of Civil Local Rule 7-3(d), which provides that once a reply brief is filed, no additional documents may be filed in connection with the pending motion absent prior Court approval.  Plaintiff did not seek nor obtain such approval.  Plaintiff's unauthorized brief will be stricken from the record.  See Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1519 (9th Cir. 1983) (court may strike unauthorized filing).

Judge Beeler), and hearing on YRC's motion was rescheduled to January 11, 2011.  Dkt. 17, 18.  The matter has been fully briefed and is ripe for decision.[2]

## II. **LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

When considering a Rule 12(b)(6) motion, a court must take the allegations as true and construe them in the light most favorable to plaintiff.  See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).  Ultimately, the allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555

---

[2] There is no indication in the record that Defendants Wesley Asthiemer and Asset Recovery have been served in this action.  On September 2, 2010, Magistrate Judge Beeler, who was then presiding over this action, notified Plaintiff of his obligation under Rule 4(m) to effect service of summons and the complaint within 120 days.  9/2/10 Order, Dkt. 13.  Judge Beeler directed that Plaintiff complete service of process by no later than October 16, 2010, and to file proofs of service accordingly.  Id.  Defendants Wesley Asthiemer and Asset Recovery have not appeared in this action, and Plaintiff has not submitted any proof that either has been properly served.  Accordingly, under Rule 4(m), these Defendants are dismissed from the action.

(internal quotations and citation omitted).  "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. DISCUSSION

#### A. DISMISSAL OF PLAINTIFF'S CLAIMS

The party seeking relief in a federal court action "bears the burden of showing that he has standing for each type of relief sought." Summers v. Earth Island Inst., --- U.S. ---, 129 S.Ct. 1142, 1149 (2009).[3]  In addition to constitutional standing under Article III, a plaintiff must demonstrate prudential standing, i.e., that "plaintiff has been granted a right to sue by the statute under which he or she brings suit." City of Sausalito v. O'Neill, 386 F.3d 1186, 1199 (9th Cir. 2004).  With respect to the claims at issue, courts have consistently found that the mail and wire fraud statutes do not confer a private right of action. See, e.g., Wilcox v. First Interstate Bank, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("there is no private right of action for mail fraud under 18 U.S.C. § 1341") (Boochever, J., dissenting); Wisdom v. First Midwest Bank of Poplar Bluff, 167 F.3d 402, 407-408 (8th Cir. 1999) (finding no private right of action exists under either mail or wire fraud statutes); Napper v. Anderson, 500 F.2d 634, 636 (5th Cir. 1974) ("The wire fraud act, 18 U.S.C. § 1343, is closely analogous to the mail fraud statute, 18 U.S.C. § 1341, and likewise evidences no intent of Congress to grant additional federal question jurisdiction in civil cases").  Since Plaintiff cannot state a claim directly under the mail or wire fraud statutes, his first and second claims for relief must be dismissed.

---

[3] YRC predicates its motion to dismiss on the contention that Plaintiff's claims are insufficiently pled under Rule 8(a) and fail to plead fraud with particularity under Rule 9(b).  While YRC is correct that the pleadings are deficient, the Court must determine, as a "threshold question," whether Plaintiff has prudential standing to sue in the first instance. See Newdow v. Rio Linda Union School Dist., 597 F.3d 1007, 1041 (9th Cir. 2010).

### B. LEAVE TO AMEND

The question remains whether Plaintiff should be granted leave to amend. Although Plaintiff cannot sue directly under the mail and wire fraud statutes, a violation of those provisions could serve as predicate acts in support of a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010). RICO "makes it 'unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.'" Beck v. Prupis, 529 U.S. 494, 497 (2000). To state a civil RICO claim, the plaintiff must allege the (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, establishing that (5) the defendant caused injury to the plaintiff's business or property. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

Should Plaintiff decide to amend his complaint to allege a RICO claim based on mail and wire fraud, he should be aware of its rigorous pleading requirements. In addition to alleging facts to establish each of the elements of a RICO claim, Plaintiff must allege any claims of fraud (including wire fraud and mail fraud) alleged with particularity under Federal Rule of Civil Procedure 9(b). Thus, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Sanford, 625 F.3d at 558 (internal quotations and citation omitted). This means that the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995). Where multiple defendants are involved, the plaintiff also must identify the role of each defendant in the alleged fraudulent scheme. See Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Allegations of fraud cannot

be made in information and belief.  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

In the event that Plaintiff has no interest in attempting to allege a RICO claim—or does not have the ability to allege, in good faith and consistent with Federal Rule of Civil Procedure 11, specific facts to meet to the level of specificity required—he need not attempt to amend his pleadings to allege a RICO claim.  However, Plaintiff's decision not to pursue a RICO claim does not prevent him from considering causes of action based on state law that he may file in a state court (i.e., the Superior Court of California").  See Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'") (quoting Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  The Court notes Plaintiff's statement in his opposition that YRC allegedly engaged in "fraud and intentional misconduct."  Pl.'s Opp'n at 2.  Fraud is a state law cause of action, meaning that Plaintiff is free to bring a civil action for fraud in state court.[4]  California law also provides consumers the right to sue for any "unlawful, unfair or fraudulent business act or practice," pursuant to the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.  Ultimately, however, the decision of which claims to bring, if any, and where to bring them, if at all, is within the control of Plaintiff.

Should Plaintiff decide to proceed in this Court, he should be aware that although he is acting pro se (i.e., without an attorney) he nevertheless remains obligated to follow the same rules as represented parties.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (same).  Self-representation is not an excuse for non-compliance with Court rules.  See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does

---

[4] "The elements of fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage."  Gil v. Bank of Am., Bank of Am., 138 Cal.App.4th 1371, 1381 (2006).

not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted). Plaintiff's failure to comply with any procedural requirements, including any Court order, may result in the imposition of sanctions up to and including dismissal of the action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In addition, Plaintiff is advised that all of his submissions in federal court are subject to Federal Rule of Civil Procedure 11, which states, in relevant part, as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A violation of Rule 11's provisions may result in the imposition of <u>monetary sanctions</u> against the offending party. Fed.R.Civ.P. 11(c). This means that Plaintiff could be liable for sanctions to the opposing party if his claims are deemed "frivolous" within the meaning of Rule 11.

## IV. CONCLUSION

For the reasons state above,

IT IS HEREBY ORDERED THAT:

1. Defendant YRC's motion to dismiss for failure to state a claim is GRANTED.

2. Plaintiff shall have until **January 21, 2011**, to file a Second Amended Complaint. **Should Plaintiff fail to timely file a Second Amended Complaint, the instant action will be dismissed and the file will be closed**. However, the termination of this action will result in the dismissal with prejudice of any federal claims, but will *not* foreclose Plaintiff from pursuing any state law claims in state court.

3. The motion hearing and Case Management Conference scheduled for January 11, 2011, are VACATED. The Case Management Conference is CONTINUED to **May 5, 2011 at 2:30 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. The statement shall comply with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. The action is dismissed without prejudice as to Defendants Wesley Asthiemer and Asset Recovery, in accordance with Federal Rule of Civil Procedure 4(m).

5. The Clerk shall strike Docket 28 from the record.

6. This Order terminates Docket 10.

IT IS SO ORDERED.

Dated: January 11, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RUFUS IDOWU,

        Plaintiff,

  v.

WESLEY ASTHEIMER et al,

        Defendant.
_____/

Case Number: CV10-02672 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rufus Idowu
2912 14th Avenue #102
Oakland, CA 94606

Dated: January 11, 2011

                              Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk